UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FREDDIE BROUSSARD | CIVIL ACTION NO. 6:16-cv-00320 |
| VERSUS | JUDGE WALTER |
| UNITED STATES COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before this Court is the motion to dismiss under Fed. R. Civ. P. 12(b)(1) or alternative motion for summary judgment under Fed. R. Civ. P. 56, which was filed by the defendant, Nancy A. Berryhill, Acting Commissioner of Social Security (Rec. Doc. 20). The motion is opposed. (Rec. Doc. 25). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

### BACKGROUND

On March 9, 2016, the claimant, Freddie Broussard, acting *pro se*, filed this lawsuit, seeking judicial review of an adverse decision by the Commissioner of the Social Security Administration, denying his application for Social Security benefits. (Rec. Doc. 1). Counsel enrolled for Mr. Broussard on August 18, 2016. (Rec. Doc. 9). After service was perfected, a scheduling order was issued (Rec. Doc. 19),

establishing a deadline for the Commissioner to file a copy of the administrative transcript in the suit record. Rather than doing so, however, the Commissioner filed the instant motion, seeking to have the suit dismissed on the basis that it was not timely filed.

Along with the motion, the Commissioner filed the declaration of Cristina Prelle of the Social Security Administration. (Rec. Doc. 24). The following facts are set forth in her declaration and supported by attached documents from the administrative record:

- Mr. Broussard filed an application for Title XVI disability benefits on January 28, 2013.

- His claim was denied.

- Mr. Broussard requested a hearing, which was held on February 21, 2014.

- The administrative law judge issued a decision denying Mr. Broussard's application for benefits.

- A copy of the ALJ's decision was mailed to Mr. Broussard.

- Mr. Broussard requested review by the Appeals Council.

- On May 15, 2015, the Appeals Council sent a letter to Mr. Broussard, advising that the Appeals Council had acted on his request for review and also advising that Mr. Broussard had the right to commence a civil action within sixty days after his receipt of that letter.

Although Ms. Prelle's declaration does not state what action was taken by the Appeals Council, a document attached to her declaration establishes that the Appeals Council denied Mr. Broussard's request for review. (Rec. Doc. 24 at 25). Mr. Broussard did not initiate this lawsuit until almost ten months later, on March 9, 2016. (Rec. Doc. 1). Because the suit was not filed within the sixty-day window referenced in the Appeals Council's letter, the Commissioner contends that Mr. Broussard's suit was not timely filed and should, for that reason, be dismissed.

## LAW AND ANALYSIS

### A.   THE NATURE OF THE COMMISSIONER'S MOTION

The Commissioner's motion alleged that the claimant's lawsuit was not filed within the deadline established in the Social Security Act and, for that reason, should be dismissed. The relevant portion of the Social Security Act, codified at 42 U.S.C. § 405(g), reads as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party. . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision. . . .

The Commissioner's motion was styled a motion to dismiss under Fed. R. Civ. P. 12(b)(1) or, alternatively, a motion for summary judgment under Fed. R. Civ. P. 56. The Commissioner explained, however, that the Fifth Circuit has held that such a

motion is not properly brought under Fed. R. Civ. P. 12(b)(1) because the statute relied upon for relief is a statute of limitations rather than a bar to jurisdiction.[1]  This is consistent with rulings from the United States Supreme Court.[2]  Furthermore, resolution of the issue presented in the motion requires the consideration of evidence beyond the face of the pleadings; therefore, a motion for summary judgment is the proper vehicle for resolving that issue.[3]  Accordingly, the pending motion will be considered solely as a motion for summary judgment.

### B.    THE STANDARD FOR ANALYZING A MOTION FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

---

[1]   *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991); *Triplett v. Heckler*, 767 F.2d 210, 211 (5th Cir. 1985).

[2]   *Mathews v. Eldridge*, 424 U.S. 319, 329 n. 9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).

[3]   *Triplett v. Heckler*, 767 F.2d at 211-12.

applicable governing law.[4] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[5]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[6] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[7] All facts and inferences are construed in the light most favorable to the nonmoving party.[8]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[5] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[6] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[7] *Washburn v. Harvey*, 504 F.3d at 508.

[8] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

claim.[9] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[10]

## C. THIS LAWSUIT WAS NOT TIMELY FILED

The evidence submitted in support of the motion shows that the Appeals Council denied Mr. Broussard's request for review on May 15, 2015. The ALJ's decision denying Mr. Broussard's application for benefits consequently became the final decision of the Commissioner for the purpose of the Court's review pursuant to 42 U.S.C. § 405(g) on that same date. Although the statute and the regulations do not explicitly define the term "final decision," the Fifth Circuit has interpreted that term to mean that the final decision of the Commissioner occurs after the Appeals Council decides whether to review an ALJ's decision.[11] Therefore, as set forth in the letter sent by the Appeals Council to Mr. Broussard at the time of its decision, Mr. Broussard had sixty days thereafter to file his suit.

Mr. Broussard opposed the motion, arguing that he received correspondence from the Social Security Administration "leading him to believe his legal pursuit of redress was timely perfected." (Rec. Doc. 25 at 1). He attached documents to his

---

[9] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[10] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[11] *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).

memorandum in opposition to the motion but did not support the documents with an affidavit or declaration. Therefore, it is unclear whether this documentary evidence is, under Fed. R. Civ. P. 56(c), appropriate evidence disputing the Commissioner's claim that his suit was not timely filed. Even if this evidence were proper, however, it does not support Mr. Broussard's position.

The first two documents submitted by Mr. Broussard (Rec. Docs. 25-1 at 1, 2) have to do with the dismissal of charges for forcible rape and shed no light whatsoever on the timing of his appeal of the Commissioner's adverse ruling. The third document (Rec. Doc. 25-2 at 1) is a letter from the Social Security Administration, dated August 9, 2016, which states only that Mr. Broussard requested a hearing. The final document (Rec. Doc. 25-2 at 2) is the first page of a letter from the Social Security Administration, dated June 7, 2016, stating that Mr. Broussard's claim for Supplemental Security Income payments was denied. Both of the documents from the Social Security Administration that were submitted by Mr. Broussard are dated after the date on which Mr. Broussard filed this lawsuit. Therefore, they must pertain to a different application for Social Security benefits than the one at issue in this lawsuit, since the Commissioner's decision on the relevant application for benefits became final on May 15, 2015. This is particularly true since the page dated June 7, 2016 appears to be the first page of the type of letter

that is sent by the Social Security Administration at the time of a preliminary denial of benefits before a hearing is held before an administrative law judge. That conclusion is consistent with the other Social Security Administration document submitted by Mr. Broussard, which is dated later and acknowledges his request for a hearing. Accordingly, this Court finds that the evidence presented by Mr. Broussard in opposition to the motion for summary judgment does not create a genuine issue of material fact.

The sixty-day limitation period applicable to judicial review of Social Security rulings may be tolled when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.[12] If a claimant fails to timely file his federal court complaint or obtain an extension of time from the Appeals Council, he may invoke the doctrine of equitable tolling.[13] Equitable tolling might be appropriate if the plaintiff was prejudiced by a lack of notice or untimely notice to his attorney or if the Commissioner violated his own regulations by failing to timely send notice to the attorney, "at least if sufficient resultant prejudice were

---

[12] *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (quoting *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)).

[13] *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) (citing *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)) (concluding that "application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress' ").

shown."[14] The Supreme Court has held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[15]

Although Mr. Broussard did not address the issue of equitable tolling and never asked the court to apply the doctrine of equitable tolling in this case, this Court nevertheless will address whether the circumstances of this case warrant its application. Mr. Broussard has not presented an excuse for his tardiness or any evidence in support of any such excuse. He claims to have been wrongfully incarcerated from April 2011 to January 2013, resulting in the loss of pre-existing Social Security benefits, but that does not explain why he failed to seek judicial review of the Commissioner's adverse ruling in 2015. Mr. Broussard was not represented by counsel when he initiated this lawsuit. Again, however, that does not explain why he failed to file this suit in a timely fashion. While Mr. Broussard claims that his Social Security benefits were wrongfully terminated upon his arrest and incarceration, nothing in the record supports a conclusion that he had any physical or mental condition that was "so deficient as to excuse him from complying with the

---

[14] *Flores v. Sullivan*, 945 F.2d at 113 n. 5.

[15] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

limitations period."[16] Further, if some physical or mental condition or other "good cause" prevented Mr. Broussard from filing his federal court case, he could have sought an extension from the Appeals Council.[17] But there is no evidence that such an extension was sought at any time. Finally, no argument was made indicating that Mr. Broussard did not understand the Appeals Council's letter setting forth the deadline for seeking judicial review. Accordingly, this Court finds that this is not a rare case that warrants equitable tolling.

Finding no genuine issues of material fact, and finding that Mr. Broussard did not file suit within the statutorily-mandated time frame for doing so, this Court further finds that Mr. Broussard's suit was not timely filed and should, for that reason, be dismissed with prejudice.

## **Conclusion**

Because Mr. Broussard failed to initiate this suit for judicial review of the Commissioner's adverse decision within the time allowed by the applicable statute of limitations, this Court recommends that the Commissioner's motion for summary judgment (Rec. Doc. 20) be granted and that Mr. Broussard's complaint be dismissed with prejudice.

---

[16] *Barrs v. Sullivan*, 906 F.2d at 122.

[17] 20 C.F.R. § 404.982, 416.1482.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 27, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE